NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA LEAK, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY. <br><br> Defendant. | Civil Action No.: 11-51 (CCC) <br><br> **OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court upon the Application and Motion of Barbara Leak ("Plaintiff") to award attorney's fees for her Counsel, Abraham S. Alter, Esq. ("Plaintiff's Counsel") pursuant to 42 U.S.C. § 406(b). ECF No. 14. Defendant Commissioner of Social Security (the "Commissioner") opposes Plaintiff's Motion. ECF No. 18. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's Motion is granted.

## I. BACKGROUND

On March 19, 2012, this Court vacated, reversed, and remanded a decision by the Commissioner that Plaintiff was not disabled. Plaintiff's Motion ("Pl. Mot.") ECF No. 14 at 1. On remand, the Administrative Law Judge found Plaintiff was disabled as of March 1, 2004. *Id.* On March 30, 2012, this Court awarded Plaintiff's Counsel $5,511.75 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). ECF No. 13. On December 21, 2016, the Social Security Administration awarded Plaintiff $115,053.00 for past due benefits. *Id.*

## II. LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b) provides:

Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

The Commissioner "requests that the Court determine whether the amount sought is excessive and represents a windfall given the 31.2 hours of work claimed for this case." Defendant's Motion in Opposition ("Def. Mot.") ECF No. 18 at 2.

## III. DISCUSSION

### A. Hour Calculations

Based on the award of $115,053.00 for Plaintiff's past due benefits, Plaintiff's Counsel seeks $28,763.25, representing 25% of that award. *See* Pl. Mot. at 2. Both Parties agree that whenever EAJA fees are awarded in the same case as fees pursuant to 406(a), the smaller fee is to be refunded. Pl. Mot. at 5; Def. Mot. at 2 n.1; *see also Williams v. Comm'r of Soc. Sec.*, 549 F. Supp. 2d 613, 616 n.4 (D.N.J. 2008). Therefore, once Plaintiff has refunded the $5,511.75 in attorney's fees pursuant to EAJA, Plaintiff's fee would amount to $23,351.50. *See* ECF No. 19. Given that Plaintiff worked 31.2 hours, the hourly rate awarded would be $745.24. *See id.*

### B. Reasonableness

Where, as here, there is a contingent-fee agreement between Plaintiff and her Counsel, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they

yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).[1] The Supreme Court explained that "[c]ourts . . . have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved," and "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* at 808. When determining whether an amount is reasonable, courts in the Third Circuit have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding. *See Anthony v. Comm'r of Soc. Sec.*, No. 11-00796-WJM, 2014 WL 4352191, at *2 (D.N.J. Sept. 2, 2014) (approving a fee of $18,347.00 for 26 hours of work); *Dixon v. Comm'r of Soc. Sec.*, No. 10-5703 RBK, 2013 WL 5299561, at *4 (D.N.J. Sept. 18, 2013) (reducing fee request for $11,287.50 to $5,643.75 when plaintiff's counsel would have received $5,643.75 from EAJA fees, but failed to apply); *Wilson v. Astrue*, 622 F. Supp. 2d 132, 136 (D. Del. 2008) (approving a fee of $21,958.13 for 19 hours of work); *Perez v. Barnhart*, No. 02-3779, 2006 WL 781899, at *3-4 (E.D. Pa. March 23, 2006) (reducing a fee request of $20,563.50 for 17.2 hours of work to $13,932.00).

Here, the Commissioner does not identify any factor which persuades the Court against awarding the full amount sought by Plaintiff's Counsel. Rather, the Court finds that based upon the factors previously identified, a fee of $28,763.25 is reasonable in this case. Plaintiff's Counsel has represented claimants before the Social Security Administration and in federal district courts

---

[1] The Supreme Court noted that contingent-fee agreements are not enforceable to the extent they yield fees exceeding 25 percent of the past-due benefits. *Id.* This exception is not applicable here, as the amount sought by Plaintiff is within the 25 percent boundary.

3

for over thirty years. Pl. Mot. at 3. Plaintiff's Counsel spent 31.2 hours on this case and Plaintiff submitted an affidavit attesting to the fact that she was "satisfied with . . . the excellent results obtained." ECF No. 14-2. Next, the Court notes that a higher contingency fee is reasonable given the risk of non-recovery if Plaintiff's claims were unsuccessful. *See Anthony*, 2014 WL 4352191, at *2. Finally, although the rate requested in the instant matter is significantly higher than that requested by Plaintiff pursuant to the EAJA ($176.66 per hour), the Court finds this does not outweigh the previous factors in favor of awarding Plaintiff with the full amount requested.

## IV. CONCLUSION

For the reasons set forth above,

IT IS on this 17 day of November, 2017,

**ORDERED** that Plaintiff's motion for attorneys' fees, ECF No. 14, is **GRANTED**; it is further

**ORDERED** that Plaintiff is entitled to $28,763.25 in attorney's fees pursuant to 42 U.S.C. § 406(b); and it is further

**ORDERED** that the Clerk of the Court shall close this matter.

**SO ORDERED.**

---
**CLAIRE C. CECCHI, U.S.D.J.**